## In the Matter of the Estate of ISABEL H. BANGS, Deceased.

Surrogate's Court, New York County, January 12, 1938.

*Lord, Day & Lord [Jesse Hoyt* of counsel], for the executors, appellants.

*Edgar Hirschberg [Sol Zaretzki* of counsel], for the State Tax Commission.

DELEHANTY, S. The executors appeal from the order of December 13, 1937, which fixed the estate tax. The basis of the appeal is that the appraiser, in computing the tax, failed to allow personal exemptions to four grandchildren of the testatrix who are entitled under the will to secondary life estates in the trust principal constituted by one-half of the residuary. The executors rely upon *Matter of Cregan* (275 N. Y. 337) as authority for their claim that each grandchild is entitled to an exemption of $5,000. The cited case held that the statutory exemptions for lineal descendants (Tax Law, § 249-q) may be allowed in certain circumstances in computing the amount taxable on transfers of estates in expectancy. The question presented here is whether or not the case is applicable to the facts in this estate.

Presently the life tenant of the trust is the father of the four children — grandchildren of the testatrix. The will provides that on the death of this primary life tenant the trust corpus shall " be divided into as many shares as will suffice so as to provide one share for every child of his then surviving and one share for every child of his who shall have previously died leaving descendants them surviving." As to each grandchild born in the lifetime of the testatrix his share is placed in a secondary trust. As to each grandchild born after the death of the testatrix his share is given outright. The primary life tenant is forty years of age.

It is apparent that the value of the interests of the four grandchildren for whom exemptions are now sought is not computable solely on the basis of their expectancy and of their survival of their father. What their interests may turn out to be will depend on the number of children who may hereafter be born to the primary life tenant. Obviously, there is no standard to which the appraiser or the court may resort for determining the number of persons who will enjoy the secondary interests. Since the number is impossible of ascertainment the value is likewise impossible of ascertainment. As was said in *Matter of Cregan* (p. 343): " Where such determination is impossible, there can be no deduction. So, too, there can be no exemption from the tax as provided in subdivisions a and b of section 249-q of the Tax Law until there has been a determination of the value of the estate transferred to one of the persons enumerated in that section. In such determination any contingency upon which the estate is made dependent becomes an important factor." In the concluding paragraph of the opinion in *Matter of Cregan* the court stated that it was not attempting to lay down a rule which would cover every case. The decision there said that the exemption must be allowed when value " can be determined with reasonable certainty upon the basis of known data." The inference from this

statement is that unless such valuation " upon the basis of known data " is possible there is no right to exemption. As already stated, no " known data " exists which will determine the number of persons sharing in this eventual distribution, and so no basis exists upon which the value of the contingent interest can be assessed. And so no basis exists for allowing the exemptions. In accordance with these views the appeal of the executors must be and it is dismissed.

Submit, on notice, order accordingly.